U.S. FIDELITY & GUARANTY CO. *v.* GLENN.

5-2313                                              343 S. W. 2d 777

Opinion delivered March 6, 1961.

[Rehearing denied April 3, 1961.]

*Warner, Warner & Ragon,* for appellant.

*Clayton N. Little* and *W. H. Enfield,* for appellee.

J. SEABORN HOLT, Associate Justice. On August 20, 1958, appellant, United States Fidelity and Guaranty Company, issued its family automobile liability insurance policy covering a 1954 Mercury sedan owned by Carl Glenn of Bentonville, Arkansas. The policy contained a provision in which it agreed to pay medical expenses up to $500.00 incurred under certain conditions. It is undisputed that on December 8, 1958, Carl Glenn's stepson, Harold Headrick, who was a member of appellee's household, was killed when a 1950 Ford sedan which he [Headrick] was driving at the time collided with a truck. Funeral expenses incurred by reason of young Head-

rick's death exceeded $500.00. At the time of his death Harold Headrick was 20 years of age and about two months prior to this time he had purchased the 1950 Ford sedan, which he was driving when killed, from one Jimmy Cowan. It appears that Universal C. I. T. held a conditional sales contract on this 1950 Ford and Headrick had made the two monthly payments coming due after Cowan had delivered possession of the car to him. The title certificate to this 1950 Ford was held by Universal C. I. T. and no formal assignment of it had been made to Headrick from Cowan or Universal C. I. T. prior to Headrick's death.

Appellee, Carl Glenn, made demand on appellant company for medical payment in the amount of $500.00 under the terms of his policy. Appellant refused to pay for the reason that it is undisputed Harold Headrick's death occurred while he was occupying the 1950 Ford sedan which was owned by him, or furnished to him, for his regular use and he was not occupying the 1954 Mercury automobile described in the insurance policy of appellant and was not covered thereby and therefore the funeral expenses arising from the accident were expressly excluded by the terms of the policy. A jury trial resulted in a verdict in favor of appellee for $500.00 and this appeal followed.

The material facts appear to be undisputed. For reversal appellant says: "Since the automobile Harold Headrick was driving when killed was owned by him and was not described in the insurance policy, the policy specifically excludes plaintiff's claim for medical payments as asserted in this action. Since the car Harold Headrick was driving when killed was not the automobile described in the policy, but was an automobile furnished for his regular use, the policy specifically excludes plaintiff's claim for medical payments as asserted in this action."

The policy here contained the following exclusion clause: "Exclusions. This policy does not apply under Part II to bodily injury: * * * (b) sustained by

the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile.' "

The parties stipulated: "It is stipulated between the plaintiff and the defendant that Policy No. AF2506843 covered a 1954 Mercury hardtop automobile owned by the plaintiff, Carl Glenn; that on the date alleged in the complaint Harold Headrick, a stepson, a member of the household, was operating another vehicle, a 1950 Ford automobile, and was killed in an accident about a mile and a half south of Bentonville; that Burns Funeral Home conducted the funeral services and that the funeral expenses were in excess of $500.00 and were paid by the plaintiff."

The facts show that when the 1950 Ford was transferred from Cowan to Headrick it was financed with Universal C. I. T. Headrick did not have sufficient cash to pay C. I. T. the balance due so he agreed to take up the monthly payments and actually made them until his death. No change of the title certificate was made and if Headrick had failed to make the payments, then Cowan, if he desired, could and probably would have taken back the automobile, since he remained obligated to C. I. T. Complete possession, use and control over the automobile was transferred from Cowan to Headrick. Under these circumstances, Headrick had become the owner of the vehicle and any rights Cowan had were simply in the nature of a security interest to secure the unpaid balance of the purchase price.

Our Arkansas Uniform Sales Act, Ark. Stats., § 68-1418 provides: "Property in specific goods passes when parties so intended—. 1. Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred. 2. For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circum-

stances of the case.'' And Ark. Stats., § 68-1419 provides: ''Rules for ascertaining intention—. Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. Rule 1. Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed.'' The agreement between Cowan and Headrick involved a specific article, in a deliverable state, and possession was actually delivered. Payments as agreed were made until Headrick's untimely death. Headrick had the present use and enjoyment of the car.

In short, it is clear that the deceased, Harold Headrick, and Jimmy Cowan had agreed to a sale of the 1950 Ford from Cowan to Headrick some two months before the accident resulting in Headrick's death and possession of the car was turned over to Headrick. We think the uncontradicted evidence shows that the parties here intended a sale of the car in question, that unconditional possession was delivered to Headrick pursuant to the sales agreement and that Headrick, following the sale, made the monthly payments, prior to his death, on the purchase price of the vehicle in accordance with his agreement with Cowan. Therefore, we hold that the ownership of the automobile passed to Headrick at that time. The exclusion clause above is applicable and we hold the trial court erred in not directing a verdict in favor of the appellant.

Accordingly, the judgment is reversed, and since the cause seems to have been fully developed it will be dismissed.